UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:26-cv-00746-AB-PD | Date: | February 5, 2026 |
|---|---|---|---|

| Title: | *Charles Edward Hugo v. Pharrell Williams, et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER TO PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION OR DISMISSED OR TRANSFERRED FOR IMPROPER VENUE**

   Plaintiff Charles Edward Hugo's ("Plaintiff") Complaint alleges four state law claims and invokes the Court's diversity jurisdiction. The Court has diversity jurisdiction where the matter in controversy exceeds the value of $75,000, and is between citizens of different states. *See* 28 U.S.C. § 1332(a). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff's Complaint lacks the allegations necessary to establish every party's citizenship, and those allegations it does include tend to suggest that there is not complete diversity between Plaintiff on one hand, and all defendants on the other.

   Plaintiff is a natural person. To be a citizen of a state for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to

remain or to which they intend to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Here, Plaintiff alleges only that he is "an individual residing in Virginia." Compl. ¶ 6. Because where a person "is residing" is not necessarily their domicile, it is not necessarily their state of citizenship, so Plaintiff's allegation he "is residing in Virginia" insufficient to establish his citizenship.

Plaintiff similarly fails to allege the citizenship of individual Pharrell Williams because he alleges only that Williams is "an individual residing on the State of Florida." Compl. ¶ 7.

Three defendants are LLCs. Their citizenship is not properly alleged. Plaintiff alleges the LLC Defendants' citizenship as if they are corporations by alleging their state of formation and their principal place of business. *See* Compl. ¶¶ 8, 9, 13. But the citizenship of a partnership or other unincorporated entity is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). To allege the citizenship of an LLC, "a party must list citizenship of all the members of the limited liability company . . . " *Rolling Greens MHP, L.P.v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). And if an LLC's members have members, the jurisdictional statement must allege the citizenship of the members' members, and so on. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well.") None of the LLCs' citizenship has been properly pled. Therefore, Plaintiff has not met his burden of alleging facts sufficient to establish that this Court has subject matter jurisdiction.

Furthermore, if Plaintiff is a citizen of Virginia, he is not diverse from two corporate defendants, who are also citizens of Virginia. *See* Compl. ¶¶ 10, 11.

In addition, it is unclear whether the Central District of California is a proper venue. Plaintiff alleges that venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district. *See* Compl. ¶ 9; 28 U.S.C. § 1391(b)(2) (venue proper where a substantial part of the events or omissions giving rise to the claim occurred). But the Complaint is devoid of factual allegations showing that any events or omissions that gave rise to the claim occurred in this district. Plaintiff has therefore failed to establish that venue

is proper in this district.

      Plaintiff is therefore **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction and for improper venue. *See* Fed. R. Civ. P. 12(h)(3) (court must dismiss an action if it lacks subject matter jurisdiction); 28 U.S.C. § 1406(a) (court shall dismiss or transfer an action filed in the wrong venue); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (federal court may consider *sua sponte* the question of venue if it is not waived).

      Plaintiff must respond to this OSC by filing a First Amended Complaint with facts sufficient to establish subject matter jurisdiction and venue in this district. Plaintiff must also file a Response explaining why venue is proper based on the facts alleged, or suggest a proper transferee venue. The FAC and Response must be filed by February 12, 2026, or the case will be dismissed without prejudice for the foregoing reasons.

      **SO ORDERED.**