Brent J. Lehman (State Bar No. 282149)
blehman@munckwilson.com
Dina Ovsepian (State Bar No. 328942)
dovsepian@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 855-3311
Facsimile:  (972) 628-3616

Attorney for Plaintiff,
CHARLES EDWARD HUGO
p/k/a CHAD HUGO

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISCTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD HUGO p/k/a CHAD HUGO, an individual; <br><br> Plaintiff, <br><br> v. <br><br> PHARRELL WILLIAMS, an individual; N.E.R.D. MUSIC, LLC, a Delaware limited liability company; NEPTUNES, LLC/NEPTUNES LLC, a Delaware limited liability company; CH & PW, INC., a Virgina corporation; PW & CH, INC., a Virginia corporation; PW BRANDING, INC., a California corporation; PW IP HOLDINGS, LLC, a Delaware limited liability company; TALAMASCA, INC., a Delaware corporation; and DOES 1-10 inclusive, <br><br> Defendants. | Case No. 2:26-cv-00746-AB-PD <br> Hon. André Birotte Jr. <br><br> **PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION OR DISMISSED OR TRANSFERRED FOR IMPROPER VENUE** |

1  On February 5, 2026, this Court issued an Order to Show Cause Why the Case Should Not
2  Be Dismissed for Lack of Subject Matter Jurisdiction or Dismissed or Transferred for Improper
3  Venue (Dkt. No. 10) ("OSC"). In response to the OSC, Plaintiff Charles Edward Hugo p/k/a Chad
4  Hugo ("Plaintiff") respectfully submits that this Court possesses subject matter jurisdiction over
5  this action ("Action") and that venue is proper in this District. Concurrently, Plaintiff has filed a
6  First Amended Complaint ("FAC") that directly addresses the jurisdictional and venue issues
7  identified by the Court.

## I. Introduction

Plaintiff's original complaint asserted only state-law claims and invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). The Court correctly identified deficiencies in Plaintiff's allegations concerning the citizenship of the parties and the propriety of venue and questioned whether complete diversity exists.

Plaintiff does not dispute the Court's concerns regarding the sufficiency of the diversity jurisdiction allegations. However, the Complaint implicated claims arising under the Copyright Act. Rather than including revised allegations to cure any potential deficiencies in diversity jurisdiction, Plaintiff files concurrently herewith an FAC asserting federal claims arising under the Copyright Act, 17 U.S.C. § 101 *et seq.*, which confers original and exclusive subject matter jurisdiction upon this Court under 28 U.S.C. § 1338(a), independent of any diversity of citizenship. The FAC also cures the venue deficiencies identified by the Court.

## II. This Court Has Subject Matter Jurisdiction

### A. Federal Question Jurisdiction Exists Under 28 U.S.C. § 1338(a)

The FAC asserts two federal claims that arise under the Copyright Act: (1) a claim for declaratory judgment of copyright ownership (Count V); and (2) an accounting claim for Plaintiff's share of copyright profits (Count VI). These claims invoke this Court's original and exclusive jurisdiction under 28 U.S.C. § 1338(a).

Section 1338(a) provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to … copyrights…. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection, and copyright case

28 U.S.C. § 1338(a). A claim "arises under" the Copyright Act when the plaintiff's well-pleaded complaint establishes either that federal copyright law creates claim or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal copyright law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988).

Plaintiff's Fifth Cause of Action for Declaratory Judgment of Copyright Ownership arises directly under the Copyright Act. Plaintiff seeks a judicial declaration that he is a joint author and co-owner of musical works (the "Copyrighted Works") created as part of The Neptunes, pursuant to 17 U.S.C. §§ 101 and 201(a).

Under the Copyright Act, a "joint work" is "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. As joint authors, Plaintiff and defendant Pharrell Williams ("Defendant Williams") are co-owners of the copyright works they created as The Neptunes. 17 U.S.C. § 201(a). Resolution of this claim requires application of the Copyright Act's definitions and substantive provisions governing joint authorship and copyright ownership.

Plaintiff's Sixth Cause of Action for Accounting of Plaintiff's Share of Copyright Profits likewise arises under federal copyright law. The Second Circuit has held that an accounting claim between copyright co-owners "arises under" federal copyright law for purposes of 28 U.S.C. § 1338(a). *Merchant v. Levy*, 92 F.3d 51, 55–56 (2d Cir. 1996). The Ninth Circuit has similarly recognized that copyright co-owners owe a duty to account to one another for profits derived from the exploitation of copyrighted works. *See Oddo v. Ries*, 743 F.2d 630, 632–33 (9th Cir. 1984) (holding that "a co-owner of a copyright must account to other co-owners for any profits he earns from licensing or use of the copyright").

Plaintiff's accounting claim requires this Court to determine Plaintiff's status as a joint author and co-owner under 17 U.S.C. §§ 101 and 201(a), and to apply the duty to account that federal copyright law imposes upon co-owners of copyrighted works. Accordingly, this claim also "arises under" the Copyright Act.

Because Plaintiff asserts claims arising under the Copyright Act, this Court has original and exclusive subject matter jurisdiction under 28 U.S.C. § 1338(a).

### B. The Court Has Authority to Grant Declaratory Relief

This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, which authorize courts to declare the rights of any interested party seeking such relief in a case of actual controversy within its jurisdiction. An actual controversy exists between the parties regarding Plaintiff's status as a joint author and co-owner of copyrights in musical works under 17 U.S.C. §§ 101 and 201(a).

The controversy is concrete and ripe for judicial determination. As alleged in the FAC, Defendant Williams has denied Plaintiff's status as a joint author and co-owner of the copyrights in works created as part of The Neptunes, has failed to credit Plaintiff as a producer and co-author, has failed to provide Plaintiff with his entitled publishing rights, and has taken full credit for Plaintiff's contributions without proper attribution or compensation. The parties have engaged in extensive discussions and entered into a tolling agreement, further confirming the existence of an ongoing, concrete dispute regarding Plaintiff's rights in the certain copyrighted works that is appropriate for judicial resolution.

### C. Supplemental Jurisdiction Exists Over Plaintiff's State Law Claims

This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims form part of the same case or controversy when they "derive from a common nucleus of operative facts." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Here, Plaintiff's state-law claims for breach of fiduciary duty (Count I), accounting (Counts II and III), and declaratory relief (Count IV) arise from the same nucleus of operative facts as Plaintiff's federal copyright claims. All of Plaintiff's claims arise from Defendant Williams' systemic denial of Plaintiff's contractual and ownership rights in N.E.R.D. Music, LLC, Neptunes, LLC/Neptunes LLC (the "Neptunes Entities"), and The Neptunes' copyrighted works. The state-law claims and federal copyright claims involve the same parties, the same decades-long collaborative relationship, the same failure to provide financial accounting and transparency, and the same denial of Plaintiff's entitlements as a co-owner and co-creator. Accordingly, this Court has supplemental jurisdiction over Plaintiff's state-law claims.

### III. Venue is Proper in This District

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c). A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District.

#### A. Substantial Events Giving Rise to the Claims Occurred in This District

Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The music industry activities at the center of this dispute are concentrated in Los Angeles and within this District. N.E.R.D. Music, LLC and the Neptunes Entities have conducted substantial business in this District relating to the accounting claims, and the Neptunes Entities have paid taxes in California in connection with their business activities.

Further, multiple defendants—including N.E.R.D. Music, LLC, the Neptunes Entities, CH & PW, Inc., PW & CH, Inc., PW Branding, Inc., PW IP Holdings, LLC, and Talamasca, Inc.—maintain their principal places of business in California, and PW Branding, Inc. is a California corporation.

Finally, the venue is proper because Plaintiff believes that many of the entities from whom Plaintiff anticipates seeking records and testimony by subpoena are located in California including various business managers, agents, record labels, and other entities.

///

///

## IV. Conclusion

For the foregoing reasons, Plaintiff respectfully submits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) based on Plaintiff's federal copyright claims, has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a), and that venue is proper in this District pursuant to 28 U.S.C. § 1391(b)–(c). Plaintiff respectfully requests that the Court discharge the OSC and permit this Action to proceed.

DATED: February 12, 2026         **MUNCK WILSON MANDALA, LLP**

By: /s/ *Brent J. Lehman*
Brent J. Lehman
Dina Ovsepian
***Attorneys for Plaintiff***
CHARLES EDWARD HUGO
p/k/a CHAD HUGO